# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

WILLIAM OTERO RODRIGUEZ     *
                             *

Plaintiff                        *     **Civil No. 98-1666(SEC)**

v.                             *     Civil Rights

ESTADO LIBRE ASOCIADO      *
DE PUERTO RICO, et al.        *
                             *

Defendants                   *
***********************************

*(Clerk's stamp: RECEIVED & FILED SEP 3 0 1999 OFFICE CLERK, U.S. DISTRICT SAN JUAN, P.R.)*

## ORDER

On June 11, 1998, *pro se* plaintiff William Otero Rodríguez, an inmate at the Río Piedras State Penitentiary's Annex 352, filed the instant action pursuant to 42 U.S.C. § 1983 against Marcos A. Ortiz, Esq., the Honorable Osvaldo Rivera Cianchini, the Commonwealth of Puerto Rico, Administrator of Corrections Zoe Laboy Alvarado, Annex 448 Warden Pablo Román, and Sociopenal Officers Mirna Negrón and Wanda Montañez (**Docket # 1**).[1] Pending before the Court is co-defendant Román's motion for summary judgment (**Docket # 30**), which remains unopposed.

**Applicable Law/Analysis**

A district court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, as the First Circuit recently noted, "[s]ummary judgment is appropriate only if the evidence taken in th[e] light [most favorable to the non-moving party] 'fails



---

[1] On August 31, 1998, partial judgment was entered dismissing the complaint against all defendants, except co-defendant Pablo Román (**Docket # 14**).

to yield a trial worthy issue as to some material fact.'" Zambrana-Marrero v. Suárez-Cruz, 172 F.3d 122, 125 (1st Cir. 1999).

Local Rule 311.12, moreover, requires the moving party to "file annexed to the motion a separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried . . ." Unless the non-moving party controverts this statement, all the material facts set forth therein "shall be deemed to be admitted." Id. This is the so-called "anti-ferret rule." See, e.g., Orbi, S.A. v. Calvesbert & Brown, 20 F. Supp. 2d 289, 291 (D.P.R. 1998). While failure to comply with this rule does not automatically warrant the granting of summary judgment, "it launches the nonmovant's case down the road toward an early dismissal." Tavárez v. Champion Products, Inc., 903 F. Supp. 268, 270 (D.P.R. 1995). As plaintiff has failed to comply with Local Rule 311.12, co-defendant Román's statement of uncontested material facts is deemed admitted.[2]

Plaintiff, a former correctional officer, was incarcerated at the Río Piedras State Penitentiary on January 15, 1998, and placed in Annex 352. He was subsequently transferred to housing unit C-1. In the complaint, plaintiff avers, among other things, that upon knowing that he had been a correctional officer, his fellow inmates from unit C-1 advised him to get transferred because they did not want to share the unit with him. He alleges that on March 20, 1998, he told co-defendant Román that his continued incarceration in unit C-1 constituted a danger to his life. He contends, furthermore, that on March 24, 1998, he again complained about this situation to Román. Neither Román nor any of the other officers also allegedly informed took any action. As a result, on May

---

[2] As they remain unopposed, we incorporate to this statement, and thereby also admit, other material facts referred to in co-defendant's motion for summary judgment.

Civil No. 98-1666(SEC)                                                                    3

30, 1998, plaintiff was robbed of all his possessions by three inmates who were allegedly under the

influence of controlled substances, one of whom was wielding a twelve-inch knife.[3]  A few hours

later, the inmate who had been carrying the knife, confronted plaintiff and threatened to kill him if

he reported the incident.  Plaintiff was subsequently transferred back to Annex 352.  As stated in the

complaint, plaintiff is simply seeking justice (**Docket # 1, at 6**).

> As the First Circuit recently explained:

> [U]nder the Eighth Amendment, prison officials have a duty to protect prisoners from
> violence at the hands of other prisoners.

> However, not every injury suffered by a prisoner at the hands of a fellow
> inmate gives rise to an Eighth Amendment claim.  In order for a prison-conditions
> complaint to state a violation of the Eighth Amendment, two requirements must be
> met.  First, the alleged deprivation of adequate conditions must be objectively
> serious, i.e., the inmate must show that he is incarcerated under conditions posing a
> substantial risk of serious harm.  Second, the official involved must have had a
> sufficiently culpable state of mind, described as deliberate indifference to inmate
> health or safety.  In this context, deliberate indifference means that a prison official
> cannot be found liable under the Eighth Amendment for denying an inmate humane
> conditions of confinement unless the official knows of and disregards an excessive
> risk to inmate health or safety.

Giroux v. Somerset County, 178 F.3d 28, 32 (1st Cir. 1999) (citations, footnotes and internal

quotation marks and alterations omitted).

> The Circuit Court in Giroux stated, moreover, that:

> While the Supreme Court has admonished the lower courts to be careful not to ensure
> that the requirements of subjective culpability is not lost,

> > [w]hether a prison official had the requisite knowledge of a
> > substantial risk is a question of fact subject to demonstration in the
> > usual ways, including inference from circumstantial evidence, and a
> > factfinder may conclude that a prison official knew of a substantial
> > risk from the very fact that the risk was obvious.

---

[3] Plaintiff does not allege having been physically injured during the incident.

Civil No. 98-1666(SEC)                                                                                          4

> Even if prison officials know of a substantial risk to inmate health or safety but fail to prevent the harm, they may be found free from liability if they respond reasonably to the risk.

Id. (citation and internal quotation marks omitted).

In this case, co-defendant Román has clearly demonstrated that he was not on duty on March 20, 1998, when plaintiff alleges that he first informed him of his life-threatening situation at housing unit C-1 (**Docket # 30, Exhibits A and B**). Moreover, co-defendant has submitted copy of a sworn declaration under penalty of perjury in which he states that plaintiff did not complain to him about his placement in unit C-1, neither on March 20, nor on any other date thereafter. **Id., Exhibit C**. Therefore, even assuming that plaintiff was indeed deprived of adequate conditions of incarceration, he has failed to demonstrate that co-defendant had the "requisite knowledge of a substantial" risk to his safety. Accordingly, co-defendant's motion for summary judgment should be, and is hereby, **GRANTED**. Judgment shall follow accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of September, 1999.

SALVADOR E. CASELLAS
United States District Judge